I'm going to start with United States v. Etienne. Mr. Houlihan. May it please the Court. My name is Darcy Houlihan. I'm with the Federal Public Defender's Office and I represent Carmelo Etienne in this appeal. The case involves threats to a magistrate judge. Mr. Etienne entered a no-contest plea. He was sentenced and the Court imposed conditions of supervision that we have appealed. There I'd like to start with the condition requiring him to stay away from courts. The standard is abuse of discretion and it's our position that the District Court abused its discretion by imposing a condition that was, first of all, entailed a greater deprivation of liberty than necessary, and secondly, that the provision was vague and overbroad. In this case, the I'm going to order the defendant to stay away from the federal courthouses located in Fort Pierce and West Palm Beach, as well as the King Building. And let me just stop there. The particular magistrate judge who was involved in this threats case was based in Fort Lauderdale. That's where Mr. Etienne made a call to the, I'm sorry, to Fort Pierce, to the Fort Pierce courthouse. And there was an additional condition regarding the King Building and that arose during the sentencing hearing. Mr. Etienne made complaints on the record concerning the the District Court judge was concerned about some of the statements that Mr. Etienne made. He explained that on the record as his reason for including the King Building as one of the places that he was prohibited from going to. Not prohibited from visiting the Wilkie Ferguson courthouse, right? No, Your Honor. Just the three courthouses, Fort Pierce, West Palm Beach, and this building. And he was also free, was he not, to walk in to serve papers, go into the federal courthouse in Fort Lauderdale as well, right? Yes, Your Honor. Yes, he was allowed to, it appears from the judge's order, that he's allowed to visit those places. But the District Court judge went on to say that I will also order that the defendant not call any judges or any court facilities. The actual written order judgment, the JNC, omits the word court facilities and just says any facilities. But, you know, applying the court's oral pronouncement, he's prohibited from calling any, I'm sorry, any judges or any court facilities. And so that's the condition or those are the conditions that we've objected to. In the Southern District of Florida, I take it that a litigant is permitted to file in any of the courthouses, is that correct? I believe so, Your Honor. Do you know whether that's true in other districts? I do not, I do not, Your Honor. And in fact, if you wanted to file something in the federal courthouse in Miami, you wouldn't go into the King Building, you'd have to go into the Wilkie Ferguson Building if you wanted to physically file a document as opposed to doing it electronically, isn't that right? That is correct. There's no Southern District of Florida clerk facility in the building where we're in right now. That is true. There are other things in this building. The clerk's office is not one of those things. Right, but if you wanted access to the court to be able to perfect process, the place you would go if you were filing a complaint of some kind in Dade County is you'd go into the Wilkie Ferguson Courthouse, wouldn't you? That's correct. And he had access to that, did he not? He is not prohibited from that. He's not prohibited from physically going there by the judge's order, that's correct. I guess what I'm really asking is how does keeping him out of the King Building in any way undermine, burden him, or limit his capacity to access the court in the Southern District of Florida in Miami-Dade County? It doesn't, well, I don't believe that it burdens him in terms of access to the court in Miami-Dade County. However, his restriction prevents him from visiting those three courthouses and there are other things that he is prohibited from doing. There is a law library in this building, in fact, just across the hall that's open to pro se litigants. He is prohibited from using that. He's prohibited, he was not available in any event, but he is prohibited from attending this hearing. There are initial appearances that take place in this building. There are hearings that take place in this building that he would be prohibited. If he had a friend or family member, he wouldn't be able to come here. In theory, if he had... How much longer? I'm sorry? How much longer will this special condition endure? Two more years. There is also the condition says that he's not allowed to call any of these court facilities and the order says court facilities. Now, the government says you have to read that in context and obviously the judge was referring to federal courthouses, but the plain language of the order that goes on to the JNC that probation is going to be looking at says any court facilities. He has business with the Department of Children and Family Services, for example. Now, he's not prohibited from visiting those courthouses, but as a pro se litigant, each of the courthouses in Miami-Dade, Broward, and even as far north as Fort Pierce, when I checked, had clerk's offices with customer service lines that assist people and pro se litigants, like my client, who does engage in litigation, need the ability on occasion to call the clerk's office to seek instruction and seek guidance on what it is that they're supposed to do. Are pro se litigants permitted to file electronically in this district? Your Honor, honestly, I don't know if they're allowed to. I know that there is an exception for pro se litigants, so they're not required to file electronically, but part of the problem is my client's resources are limited. He's on probation. He has a number of children and he doesn't have, number one, the sorts of resources or the sophistication necessarily to file electronically. You don't contend that this order prohibits him from filing electronically? No, no, absolutely not, Your Honor. Our concerns are prohibiting him from visiting certain courthouses. Even though he can visit other courthouses? That's confusing. Or a trial of note in the Fort Pierce courthouse. He just wants to be able to go and watch a trial of note? This is someone who made very serious threats against a federal judge and a courtroom deputy. Why isn't it reasonable to restrict his access to federal court facilities in the light of that? I don't believe that it is unreasonable to restrict his access to the courts. However, I believe there are ways to restrict his access that will meet the goals without being a greater deprivation than necessary. There are courts, for example, in a very similar situation that have put the same sorts of restrictions on defendants but have said, you may not do this without authorization of a probation officer, without checking with a probation officer before you do it. I'm curious in that regard, Mr. Houlihan. He would be free to file an application with the court, with the probation department, to give access perhaps to a facility that he was prohibited from visiting, wouldn't he? Let's just say that there was, he could file, if he was in Dade County, he can go into the courthouse right across the street from where we are right now and file anything he wanted in the Ferguson building. But let's suppose there was something of, as you put it, considerable note that he wanted to simply observe in the King building. He could file an application with the court. Could he not for that particular opportunity to access the building for some case or something? He could and if the judge rejected it, you know, he wouldn't be able to do it. I think this court needs to provide guidance that the restrictions are greater than necessary and that he shouldn't have to file a motion in order to flesh out what he's allowed to do. That can be something that probation, you know, if he called his probation officer, I want to attend a protest at the King building, you know, can I get permission? If the court had structured it that way, then there would not be this deprivation of liberty, your honor. Thanks. I understand. Okay, Miss Malkin. Good morning. May it please the court, Alana Malkin for the United States. With me at I'll jump to what appellant addressed, which this second condition which limits Etienne's ability to visit and call specific courthouses is undeniably related to the 3553A factors. Chief Judge Pryor, as you stated, this was a serious offense and he called the Fort Pierce courthouse general phone number, not the chambers of this specific magistrate judge to relay threats that he was going to kill a federal judge, a courtroom deputy. He threatened to hang everyone in that courthouse. And again, he, he said this to another, um, clerk of court employee. Um, he continued to make concerning statements in his filings and at the sentencing hearing regarding the trial, a USA among others. And so not only does this condition protect the victims of his threats and the general public, it's still maintains his access to the court. Why isn't the restriction greater than necessary when, um, there could have been as part of the condition that he gets permission from his probation officer. For example, those are restrictions that we've approved in the past. Your honor, this isn't greater than necessary because the condition as crafted maintains access. He can file in person if he so chooses in the Ferguson building or Fort Lauderdale, he can mail in filings as is, as he did in the underlying criminal case several times. Um, if for some reason he wanted a document to be delivered to the Fort Pierce courthouse, he could have someone deliver it for him. So there is in the, let me interrupt you for a second. Um, in the Copeland case, we overturned an injunction against Copeland entering a specific courthouse and filing by mail. How is this case different? Well, just the factual conduct. They are Copeland. This was a vexatious civil litigant. Um, he was filing many civil filings. This case where you have someone threatening to kill several employees of the Southern District of Florida. It's, it's reasonable that that person should not be able to visit the workplaces of the victims of his threats. Well, isn't this like cases in which the defendant, um, accesses pornography or threatens Children on the internet and still those supervised release conditions say that the person can consult the probation officer and get permission to get on the internet. Your honor, I think the distinguishing factor is that in those cases, um, there was either a complete ban on the internet usage such that, um, he would have to reach out for permission. But here, because this condition is already tailored to allow access to the courts, there is no need to reach out to probation to ask if he can file something, for example, because he already has that ability. What about the electronic filing? Is that available to him or not? So in the Southern District of Florida, that's only available to, um, to attorneys. Um, so any, any non attorney cannot electronically file. But again, he's, he's mailed in several files. The district doesn't even allow pro se litigants to apply for permission to file electronically. I, I'm not sure on that, your honor. Um, but as far as I know, it's only available to attorneys. Okay. And, um, as to the vagueness argument, um, this has to be read in context. The preceding sentence lists out the specific courthouses that Etienne cannot call. And, um, this, this court has stated that, um, a person on supervised release can have adequate notice to have fair warning. And this condition as written gives fair warning. The preceding sentence lists those courthouses out. The sentencing transcript provides even more context, say stating, um, any court facilities, the judges chambers or court facilities, because again, he did not call the magistrate judges chambers to make these threats. He called the general courthouse number. If there are no further questions, I have one. Um, he wants to file in Miami Dade County. It's easy enough. He can walk right into the Ferguson building and that would be where he would be appropriately filing a claim against anyone. Yes. He wants to file a claim in Broward County. He could walk into the courthouse in Broward County and do that as well. But to the extent that he wants to file a claim in Fort Pierce or in West Palm in the Northern part of the Southern district of Florida, how can he do that if he's barred from access to the courthouse in Fort Pierce and he's barred in Palm Beach, West Palm Beach, and he cannot, as you said in response to Chief Judge Pryor's question, that in the Southern district, he cannot file a claim electronically. Sure. Your Honor, how does he go about filing a claim? The Northern part of the Southern district of Florida? Sure. So one way is he could mail the claim into that courthouse. There's no restriction on him doing that. Another way, as Mr. Darcy indicated, he can go to Miami or Fort Lauderdale and both of these locations will accept filings for all of the divisions. So there's no restriction in that sense either. He'd have to travel to those courthouses though? Yes, but he would have to travel to any of these courthouses. Do we know from the record before this court where his family resides, where his home is? I don't believe it's in the record. I believe he is in the Miami-Dade area, but I don't believe that's in the record. I thought that's right, but I didn't see that, at least in the materials I looked at. Yes, Your Honor. If there are no further questions, the government rests on its brief and we respectfully request this court affirm. Thank you. Thank you, Ms. Malkin. Mr. Julian, you saved five minutes. To answer the court's questions, Mr. Etienne was primarily residing in the Vero area at the time of this incident. Does the record tell us that? I believe it's in the PSI. I want to be clear, Your Honor. Okay. Whatever it is is in the PSI. Yes, yes, but just to be clear, I don't want to leave you with the impression that that's his place and that's it. He was residing in the Vero Beach area. But you're not contending that's where he was? No, Your Honor. At the time, I think it's also clear in the record, it would be in the PSI, that at the time of his arrest, he was in Maryland. He had just been released from ... Does the record reflect where his family lives? In the Vero Indian Creek area, but that was a couple of years ago. It's not in the record, but I can tell you that his wife wants to move out of state. I believe they're in North Miami Beach area currently. They are not particularly stable. My expectation is they would end up back in an area that they're ... Does the record reflect that they live in the North Miami Beach area as we speak? No, Your Honor. No, no. I apologize. With regard to the government's contention regarding the vagueness argument, there are some cases that the government has cited where, for example, an individual was prohibited from having electronic media devices. He said he challenged that condition and said, this really isn't fair because that could include such things as thermostats and microwave ovens. The court said if you look at the restriction which says flash drives, floppy disks, all of those sorts of things in electronic media becomes clear, but this really isn't. On the face of it, it's unambiguous, any court facility. Mr. Ettingen ... That's plainly a reference to federal court facilities, isn't it? Your Honor, if that's your position, I believe ... In context, it surely looks that way to me. That's what specifically related to this offense. Well, the judge prohibits from three specific federal courthouses and then says can't call any other ... Yeah, well, I mean, the guy was calling making death threats. No, I understand that, Your Honor. Federal courts. I'm not contesting the reasonableness of it, Your Honor, in any way, shape, or form. I understand why the judge imposed it. I don't think it is unreasonable, and that is not the basis for our problem here. Our problem is that it is overbroad in that it could sweep in courthouses besides the federal courthouse, and it doesn't provide any sort of relief mechanism like getting ... In context, it should be interpreted to mean federal court facilities. Would that relieve your concern? No, Your Honor. Why not? Well, I'd still be concerned because I think it's a greater deprivation of liberty than necessary when the condition could be ... Why does he need to call a man who's been making telephone death threats to federal court officers? Why does he need to be calling the federal court facilities? He's also a litigant, and as I said before, there are questions particularly for pro se litigants that arise, and they need to be able to call the lines that are specifically made available at the clerk's office to allow these people to get guidance. I also think for a similar reason, the restriction on going physically to these courthouses is overbroad because there, again, is no ... There's nothing to prohibit him from going to the Wilkie Ferguson courthouse and asking someone in the clerk's office for some guidance. That's correct, but ... Why does he need to call them? I'm sorry? Why does he need to call them? He might need to call the ... Well, we would contend that it also covers courthouses besides the federal courthouses. Well, I understand that point, but we've gone over that. If we were to say that's a reference to federal court facilities, he can get the guidance in person. Yes, but he can't call ... He also has a probation officer who's at the Wilkie Ferguson courthouse. He can't call probation because his probation officer is in the courthouse. In fact, the other case that I had mentioned, the judge directed the probation officer ... He can call the probation officer's cell phone, right? He could call the probation officer's cell phone, but the probation officer's at the courthouse, but he may not be able to reach him via the ... They are instructed periodically to make telephone calls to probation officers rather than showing up in person. I just believe that this could be crafted better to avoid these sort of uncertainties that put him at risk. Just one quick question. I just want to be clear I understand your position on it. He is free to mail a complaint, is he not, to the courthouse? Yes, Your Honor. I understand he can't file electronically, but he can file a complaint anywhere in the Southern District of Florida, whether Fort Pierce, West Palm, Broward County, Dade County. Via mail? By mail. Yes, Your Honor. Okay, thank you. Okay, Mr. Houlihan, I think we understand your case. We're going to ...